IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
<u>NORTHERN DIVISION</u>

WELLINGTON SPECIALTY
  INSURANCE COMPANY,

    Plaintiff,

       -v-                       Case No.: 2:08-CV-00115-WKW-WC

DE ENTERPRISES, *et. al.,*

    Defendants.
_____

DEFENDANT D E ENTERPRISES'S MEMORANDUM BRIEF
IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

COMES NOW DEFENDANT D E ENTERPRISES, LLC, by and through the undersigned counsel of record, and submits its Memorandum Brief in opposition to the Motion for Summary Judgment filed by the Plaintiff.

## I. UNDISPUTED FACTS

The underlying lawsuit, styled *J. Michael Sheffield -v- Cascades Development Group and D E Enterprises, LLC* is pending the Circuit Court of Montgomery County, Alabama as case number CV 2006-1158. Therein, Sheffield has alleged breach of contract, negligence, and wantonness. The basic facts related to an alleged failure to complete and otherwise consummate a contract for the sell of real property. Essentially, Sheffield complains that a binding contract was entered upon his payment of earnest money. The underlying defendants

contend Russell Lands never notified them of the receipt of the earnest money deposit; thus they considered there never to be a contract. The insured, D E Enterprises contends there is a factual basis for coverage and a defense under the applicable provisions of the policy issued by the Plaintiff. Applicable provisions of the policy at issue state as follows:

> Section I—Coverages
>> Coverage A Bodily Injury and Property Damage Liability
>>> 1. Insuring Agreement:
>>> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or property damage to which this insurance applies...

D E argues the claims alleged relate to a failure to acknowledge receipt of an earnest money deposit, either by its own negligent act or the failure or omission of its agent, Russell Lands. Mr. Sheffield testified, in order to complete the terms and conditions of the contract, that he mailed an earnest money check to Russell Lands. [Sheffield dep. p. 110] It is undisputed that D E or a representative from Cascades ever received confirmation the check had been received by Russell Lands. The Defendant contends, this is an "occurrence" as defined in the policy issued by the Plaintiff, i.e., that D E was <u>negligent</u> because it failed to ascertain if, in fact, Sheffield had complied with the terms and conditions to arrive at a contract. Alternatively, D E argues its agent, Russell Lands, was negligent by failing to notify D E and/or Cascades that indeed the earnest money check had been received. It is tantamount, in the allegations made by Sheffield in the underlying lawsuit, that any action or omission by D E and/or Cascades or its agent lead to the failure of the parties to have a binding

contract for the sell of realty.

## II. ANALYSIS

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Wheeler -v- Wright*, 668 So.2d 779 (Ala. Civ. App. 1995). Fed. Rules Civ. Pro. Rule 56 Summary judgment is rarely appropriate in a negligence action. *Kendall -v- Bay L Launch Community Ass'n*, 413 So.2d 1051 (Ala. 1982). The Defendant argues material, disputed facts exist making summary judgment improper.

An insurer's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured. *Thorn -v- American States Insurance Company*, 266 F. Supp.2d 1346 (USDC, MD N. Div. 2002) If the allegations of the injured party's complaint show an accident or occurrence which comes within the coverage of the policy,, the insurer is obligated to defend regardless of the ultimate liability of the insured. *Thorn* at 1349 quoting *Chandler -v- Alabama Mun. Ins. Co.*, 585 So.2d 1365 (Ala. 1991).

Sheffield's complaint alleges as follows:

11. After accepting Plaintiff's down payment, Defendants have refused to close the transaction and have notified the Plaintiff that they consider the contract to be null, void and of no legal effect.

12. At all times pertinent hereto, Defendants acted through their duly appointed agents, servant and employees, which agents servants and employees acted within the line and scope of their agency, service or employment, or, in the alternative, Defendants adopted, confirmed or ratified

all the action and omissions of their agents, servants and employees as their own.
[Sheffield Complaint, para. 11 & 12]

As stated herein, it is undisputed Sheffield mailed an earnest money check to the agent for D E, Russell Lands. On the face of the complaint, Sheffield has alleged "... and action or omission of their agents..." as the basis for the negligent act. Furthermore, in Count II (NEGLIGENCE) Sheffield adopts the foregoing (i.e., paragraphs 11 and 12) and has alleged "He has suffered mental anguish and emotional distress." [Sheffield Complaint para. 17 and 18.] While the Defendant acknowledges no coverage is applicable to a mere breach of contract action, it argues the very basis for the claims alleged by Sheffield relate to the failure of D E, by and through its agent, to receive notice that Sheffield had, in fact, sent in the required earnest money deposit. The Defendant further argues had this relay of information occurred, then naturally the parties would have a binding contract for the sell of realty.

The Defendant argues the basis for coverage relates to the negligence acts as alleged by Sheffield. There is no allegation, within this particular count, of an intentional act. Summary judgment, as to unintentional, negligent act, would be improper under the authority of *American General Life Insurance Company, et. al. -v- Ace Insurance Company, et. al.*, 131 Fed. Appx. 217 C.A. 11(Ala.) 2005.

Under Alabama law, the insured bears the burden to establish coverage by demonstrating that a claim falls within the policy, while the insurer bears the burden to prove that any policy exclusion applies. *Thorn* supra at 1349. The Defendant at bar argues material

facts are presented which establish coverage is applicable under Coverage A, Bodily Injury. As evidence of the "occurrence" the Defendant shows the undisputed fact that Sheffield mailed the earnest money check to Russell Lands; and then Russell Lands failed to notify D E and/or Cascades of its receipt. Furthermore, in his Complaint, Sheffield has alleged a bodily injury. Alabama law has recognize mental anguish as a personal injury or bodily injury. See *Alabama Power Company -v- Murray*, 751 So.2d 494 (Ala. 1999).

Finally, the Defendants present the following redline Alabama law.

> It is well established that an insurer's duty to defend is more extensive than the duty to indemnify. Whether an insurance company owes its insured a duty to provide a defense in proceeding instituted against the insured is determined primarily by the allegations contained in the complaint. If the allegations of the complaint show an accident or occurrence within the coverage of the policy, then the insurer is obligated to defend , regardless of the ultimate liability of the insured. *Acceptance Ins. Co. -v- Brown*, 832 So.2d 1 (Ala. 2001)

While not bound by the mere allegations of the Complaint, the Defendant herein has advanced a factual basis precluding summary judgment.

### III.  SUMMARY

The underlying plaintiff has alleged negligence and a bodily injury. First, the undisputed facts show Sheffield actually mailed an earnest money check to the Defendant's agent, Russell Lands. That information was not relayed to the Defendant. While the context of Sheffield's complaint sounds in breach of contract, there never was a contract. It is this failure to communicate between principal (D E) and agent (Russell Lands) that gives rise to the occurrence–a negligent act. Furthermore, a bodily injury has been alleged which is

indeed covered within the applicable policy. Material facts are present regarding a genuine issue. For the foregoing reason, the Plaintiff's Motion for Summary Judgment should be DENIED.

This 15th day of April 2008.

                                                S/ Mark Allen Treadwell (TRE005)
                                                Oliver & Treadwell LLP
                                                129 West Columbus Street
                                                Dadeville, Alabama 36853
                                                256-825-9296
                                                Fax256-825-5667
                                                markallen@olivertreadwell.com

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following via US District Court CMECF and United States Postal Service, postage prepaid and property addressed to:

Hon. Mark Hodgewood
Wallace, Jordan, Ratliff & Brandt, LLC
Post Office Box 530910
Birmingham, Alabama 35253

Hon. Michael Harper
Post Office Box 780608
Tallassee, Alabama 36078

Hon. Thomas Coleman
Hon. Thomas S. Spires
Smith, Spires & Peddy, PC
2015 2nd Ave. North Suite 200
Birmingham, Alabama 35203

                                                S/
                                                Mark Allen Treadwell

| | | |
|---|---|---|
| 1 | Q. | Did you send it from your office? |
| 2 | A. | No, I mailed it. |
| 3 | Q. | You mailed it on the 9th? |
| 4 | A. | Uh-huh. (Affirmative.) |
| 5 | Q. | Is that correct? |
| 6 | A. | Correct. |
| 7 | Q. | Any reason you didn't fax it? |
| 8 | A. | No. |
| 9 | Q. | Did you send a cover letter? |
| 10 | A. | No. |
| 11 | Q. | Have you got a copy of the envelope that may have a date as to when it was mailed out? |
| 14 | A. | No. |
| 15 | Q. | Is there any document that we can look at that shows it was mailed out on July 9th, 2005? |
| 18 | A. | No. |
| 19 | Q. | What did you mail back with the contract, did you have a cover letter? |
| 21 | A. | I mailed the check. |
| 22 | Q. | You mailed the check. All |

10. The final draft of the real estate purchase agreement was signed by Plaintiff on July 9, 2005. On July 12, 2005, Plaintiff sent the agreement by UPS to Defendants and enclosed the required down payment made payable to Defendant's agent, Russell Lands, Inc. On the following day, Plaintiff received a telephone call from Defendants or Defendants' agent stating that, contrary to the terms of the agreement, the escrow of the down payment would be held by the Defendants rather than its agent.

11. After accepting Plaintiff's down payment, Defendants have refused to close the transaction and have notified Plaintiff that they consider the contract to be null, void and of no legal effect.

12. At all times pertinent hereto, Defendants acted through their duly appointed agents, servants and employees, which agents, servants and employees acted within the line and scope of their agency, service or employment, or, in the alternative, Defendants adopted, confirmed and ratified all the actions and omissions of their agents, servants and employees as their own.

13. Plaintiff claims that he is entitled to compensatory damages which he has suffered and, in addition thereto, that he should recover punitive damages pursuant to Alabama Code, §6-11-20. Plaintiff claims that Defendants consciously or deliberately engaged in oppression, fraud, wantonness or malice with regards to the Plaintiff as those terms are defined by Alabama Code, §6-11-20. Plaintiff further alleges that all Defendants either: