IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLINGTON SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:08-CV-00115-WKW-WC ) |
| D E ENTERPRISES, ET AL., | ) ) ) |
| Defendants. | ) |

## REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Wellington Specialty Insurance Company ("Wellington Specialty") submits this reply brief to "Defendant D E Enterprises's Memorandum Brief in Response to Plaintiff's Motion for Summary Judgment."[1]

**I.   Defendant's opposition references no applicable case supportive of the argument that Wellington Specialty owes any coverage for the Underlying Lawsuit.**

Defendant D E Enterprises, L.L.C. ("D E Enterprises") does not attempt to distinguish any of the cases cited by Wellington Speciality in its summary judgment brief. Although the defendant cites several cases for general legal propositions

---

[1] Defendant Michael Sheffield, the plaintiff in the Underlying Lawsuit, filed no separate response to Wellington Specialty's motion but on April 18 filed a joinder to D E Enterprises' opposition. (Doc. 18).

concerning the duty to defend and the burden of proof, the only case that it arguably relies upon for its position that Wellington Specialty's motion for summary judgment should be denied is the Eleventh Circuit's opinion in <u>American General Life Ins. Co. v. Ace Ins. Co.</u>, 131 Fed. Appx. 217 (11th Cir. 2005).  D E Enterprises argues that case provides authority for its assertion that summary judgment in this case "as to unintentional, negligent act[s], would be improper." (Defendant's Brief (Doc. 17, page 4)).  However, <u>American General</u> involved interpretation of a professional services policy under Texas law in the context of a class action against a life insurance carrier.  131 Fed. Appx. at 219-220.  That case did not address the definition of "occurrence," or any other CGL term or exclusion, under Alabama law; and, thus, does not rebut the legal support cited in Wellington Specialty's brief generally, or the cases of <u>Hartford Cas. Ins. Co. v. Merchants & Farmers Bank</u>, 928 So. 2d 1006 (Ala. 2005), or <u>State Auto Prop. and Cas. Ins. Co. v. Calhoun</u>, No. 2:05-CV-122-F, 2005 WL 2406055 (M.D. Ala. Sept. 29, 2005), in particular.[2]

On page 3 of its brief, while summarizing Alabama's duty to defend analysis, D E Enterprises refers to <u>Thorn v. American States Ins. Co.</u>, 266 F. Supp. 2d 1346 (M.D. Ala. 2002).  That case actually provides further authority for Wellington

---

[2] Defendant does not dispute Wellington Specialty's argument that the duty to indemnify is ripe for determination.

Specialty's motion for summary judgment. In <u>Thorn</u>, Judge Thompson granted the CGL carrier's motion for summary judgment on both the duty to defend and the duty to indemnify. 266 F. Supp. 2d at 1353-54. The coverage action arose from an underlying "contract dispute" that resulted in "eight causes of action, including breach of contract, fraud, fraudulent suppression, and negligence" asserted against the insured. <u>Id.</u> at 1348. The court analyzed the underlying complaint and determined that despite the claims that the insured was negligent and committed negligent, mistaken and/or innocent misrepresentations, the factual allegations of the complaint did not support those claims. <u>Id.</u> at 1351, 1353. "In other duty-to-defend cases, courts have looked to the factual allegations of the underlying complaint to determine whether a 'negligence' claim is actually stated." <u>Id.</u> at 1351. Citing his opinion from <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F. Supp. 1557 (M.D. Ala. 1996) (cited by Wellington Speciality in its original brief), Judge Thompson concluded that "the inclusion of words alleging non-intentional conduct" in the complaint did not create a duty to defend the underlying dispute.[3] <u>Id.</u> Likewise, inclusion of words in

---

[3] Wellington Specialty's argument against coverage is even more compelling than the carrier's in <u>Thorn</u> due to the testimony from the Underlying Lawsuit. In addition to the contract-based factual allegations in the complaint, Mr. Sheffield testified that he is suing D E Enterprises because it "did not honor a good contract," "willfully backed out of a good contract," and "decided not to honor it." (Sheffield Depo. at 212 (lines 9-11), 215 (lines 20-22), 220 (lines 21-22) (attached as Exhibit B (Doc. 14-3, pages 3-5) to Motion for Summary Judgment)). None of that testimony alleges "non-intentional conduct."

the underlying complaint that the defendants "negligently injured" or "wantonly injured" Mr. Sheffield, without any supporting factual allegation in the complaint (or Mr. Sheffield's deposition), simply does not create any coverage obligation under the Wellington Specialty Policy.

**II.   Defendant's sole argument for coverage fails to create a fact issue and, as such, the motion is due to be granted.**

Michael Sheffield's complaint labels certain counts as "Negligence" and "Wantonness" (Complaint at Counts II and III (attached as Exhibit A (Doc. 14-2, pages 7-8) to Motion)), but as shown in Wellington Specialty's original brief, not only is the complaint silent as to particular facts on which those claims are based, the complaint's "Statement of Facts" directly conflicts with those claims. Moreover, Mr. Sheffield's own testimony undercuts the assertion that his claims are for accidental misconduct, i.e., he specifically described the defendant's action as a failure to honor and a willful backing out of a contract.

D E Enterprises' brief does not address Mr. Sheffield's deposition testimony. It does not address the language in the complaint that the defendants "consciously or deliberately engaged in oppression, fraud, wantonness or malice with regards to the

Plaintiff."[4] (Complaint at ¶ 13 (Doc. 14-2, page 5)). Rather, D E Enterprises' only argument against summary judgment is that somehow the "Statement of Facts" in the complaint can be read to claim there was some form of negligence with regard to Sheffield's payment of earnest money. The opposition brief suggests that Sheffield's complaint alleges there was a negligent failure of the defendant's agent (Russell Lands) to communicate to the defendant that the plaintiff's earnest money had indeed been received, or, the other side of that coin, that the defendant negligently failed to "acknowledge" or confirm receipt of that payment.[5] (Defendant's Brief (Doc. 17, at p. 2)). In short, the underlying complaint (and the discovery from the Underlying Lawsuit presented to this Court) do not support D E Enterprises' argument.

Even a cursory reading of the complaint, as amended, reveals that Mr. Sheffield is making no claim that D E Enterprises, itself or through its agent, was negligent in its handling of the down payment for this transaction. The amended complaint adding D E Enterprises is silent about the down payment. Neither the Negligence nor Wantonness count mentions the down payment. Defendant quotes paragraphs 11

---

[4]This allegation in ¶ 13 is not pled in the alternative. See Thorn, 266 F. Supp. 2d at 1351 (the court highlights the fact that the counts of intentional misconduct were not pled in the alternative but were the "centerpiece" of each count).

[5]D E Enterprises asserts that "[i]t is undisputed that D E ... [n]ever received confirmation the check had been received by Russell Lands" but does not cite to or attach any support for that contention. (Defendant's Brief (Doc. 17, page 2)).

and 12 in its brief, but only paragraph 11 even references the down payment. There certainly is no allegation in that paragraph related to any failure to communicate.

The "Statement of Facts" actually is directly opposite to the defendant's interpretation since it specifically alleges that: (1) the plaintiff was informed after making the payment that the payment "would be held by the Defendants rather than its agent"; and (2) "**[a]fter accepting Plaintiff's down payment, Defendants have refused to close the transaction and have notified Plaintiff that they consider the contract to be null, void and of no legal effect**." (Complaint at ¶ 10-11 (Doc. 14-2, page 5)) (emphasis added). Therefore, contrary to the defendant's proposed reading of the complaint that there was some negligent failure to communicate between Russell Lands and D E Enterprises as to receipt of the down payment, the plaintiff directly contends that D E Enterprises received and accepted the down payment.[6]

D E Enterprises cites to no testimony from Mr. Sheffield or any other evidence from the Underlying Lawsuit (and neither does Mr. Sheffield himself in his joinder) as grounds for its argument that the underlying claims include negligence as to the down payment. As shown above and Wellington Specialty's brief, Mr. Sheffield's deposition confirms that the theory of liability under which he is pursuing the

---

[6] It is interesting to note that Mr. Sheffield has not added Russell Lands as a defendant in the Underlying Lawsuit and apparently has not asserted any separate lawsuit against that entity.

defendant is its alleged failure to "honor" the subject sales contract - not any alleged negligence about the down payment.

Moreover, Wellington Specialty submits that even if the complaint or Underlying Lawsuit could be interpreted as including some allegation of negligence with regard to the down payment, the analysis in <u>State Auto Prop. and Cas. Ins. Co. v. Calhoun</u> applies to preclude coverage. The court in that coverage case dealt with underlying negligence claims arising out of the execution of a warranty deed. The plaintiff alleged intentional misconduct but also that: (1) the defendants were negligent in that they knew or should have known that the grantor was incompetent to sign the deed; and (2) the defendants willfully, wantonly or negligently exercised undue influence over the grantor. 2005 WL 2406055 *1. The underlying plaintiff's negligence claims arose from the same facts as the claims for intentional misconduct, and, thus, were not severable for coverage purposes. <u>Id.</u> at *6. "[I]f claims in an underlying action allege both intentional and unintentional acts and the intentional claims are not severable from the unintentional claims, the insurance company is not required to defend the insured on the unintentional claims." <u>Id.</u> (citation omitted). Similarly, all of Mr. Sheffield's claims regarding this property transaction arise from the same facts; thus, they are not severable and Wellington Specialty owes no coverage for either the claims for intentional or unintentional misconduct.

## CONCLUSION

As shown in the complaint and Mr. Sheffield's own testimony, the gravamen of the Underlying Lawsuit is the breach of an alleged property sales contract. To paraphrase Judge Thompson from Thorn and Auto-Owners: to allow coverage here would have the effect of transforming Wellington Specialty into a silent business partner to the consumer transactions between D E Enterprises and Mr. Sheffield; it would cause an enormous expansion of the scope of Wellington Specialty's liability without corresponding compensation; and if coverage is extended to the Underlying Lawsuit, the Policy at issue, which was clearly designed to protect against accidental injury, would be stretched beyond its reasonable interpretation. See 266 F. Supp. 2d at 1352; 947 F. Supp. at 1564.

Wellington Specialty respectfully requests the Court to grant its motion for summary judgment in its entirety, and declare as a matter of law that the insurer does not owe any duty to defend or indemnify D E Enterprises in the Underlying Lawsuit.

Respectfully submitted on April 29, 2008,

  s/ *Mark M. Hogewood*

Mark M. Hogewood (ASB-7651-E36M)
E-mail: mh@wallacejordan.com

Attorney for Plaintiff Wellington Specialty Insurance Company

**Of Counsel:**
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:	(205) 870-0555
Fax:	(205) 871-7534

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **WELLINGTON SPECIALTY INSURANCE COMPANY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:08-CV-00115-WKW-WC |
| ) | |
| **D E ENTERPRISES, ET AL.,** ) | |
| ) | |
| Defendants. ) | |

### Certificate of Service

I certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Allen Treadwell, III, Esq.
Oliver & Treadwell, LLP
129 West Columbus Street
Dadeville, AL 36853
markallen@olivertreadwell.com

Michael S. Harper, Esq.
P.O. Box 780608
Tallassee, AL 36078
mikeharper@elmore.rr.com

Respectfully submitted,

s/ *Mark M. Hogewood*
Mark M. Hogewood
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:   (205) 870-0555
Fax:     (205) 871-7534
E-mail:  mh@wallacejordan.com