IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLINGTON SPECIALTY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:08-CV-00115-WKW-WC |
| D E ENTERPRISES, ET AL., ) ) | |
| Defendants. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. **Meeting/Attendance.** Pursuant to Fed. R. Civ. P. 26(f), a parties' planning meeting was held on May 5, 2008. Mark M. Hogewood appeared on behalf of the plaintiff and Mark Allen Treadwell appeared on behalf of the defendants D E Enterprises, L.L.C. and Cascades Development Group, L.L.C.

2. **Pre-Discovery Disclosures.** The parties will exchange the information required by Rule 26(a)(1)(A) within fourteen days from the filing of this report.

3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

    (a) Discovery will be needed on the following subject:

    Facts pertaining to the insurance coverage issues raised by the claims asserted in J. Michael Sheffield v. Cascades Development Group, L.L.C., et al., pending in the Circuit Court of Montgomery County, Alabama (CV 2006-1158).

    (b) All discovery commenced in time to be completed by October 10, 2008.

(c) Maximum of forty-five (45) interrogatories by each party to any other party, including all discrete subparts. The responses will be due thirty (30) days after service.

(d) Maximum of forty-five (45) requests for production by each party to any other party, including all discrete subparts. The responses will be due thirty (30) days after service.

(e) Maximum of forty-five (45) requests for admission by each party to any other party, including all discrete subparts. The responses will be due thirty (30) days after service.

(f) Maximum of seven (7) depositions by plaintiff and seven (7) depositions by defendants.

(g) Reports from each retained expert under Rule 26(a)(2) due from plaintiff by July 28, 2008, and from defendants by August 31, 2008.

(h) Supplementations under Rule 26(e) due on October 10, 2008 from plaintiff and defendant.

4. **Other Items**.

(a) The parties do not request a conference with the Court before entry of the scheduling order.

(b) Plaintiff should be allowed until June 13, 2008, to join additional parties and amend the pleadings (conditioned upon defendant having responded to all outstanding discovery).

(c) Defendant should be allowed until July 11, 2008, to join additional parties and amend the pleadings (conditioned upon plaintiff having responded to all outstanding discovery).

(d) All potentially dispositive motions should be filed by September 12, 2008.

(e) Settlement cannot be evaluated until some discovery has been completed.

(f) The parties request a final pretrial conference thirty (30) days before trial.

(g) Final lists of trial evidence under Rule 26(a)(3) should be due fourteen (14) days before trial.

(h) Parties should have seven (7) days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

(i) The case should be ready for trial for the court's non-jury docket beginning November 10, 2008, and at this time trial is expected to take approximately two (2) days.

(j) At the present time, the parties do not believe that this case could be resolved by ADR.

(k) Disclosure or discovery of electronically stored information should be handled as follows: The parties to not anticipate extensive discovery of electronically stored information. Should issues arise, the parties agree to confer and discuss the issues.

(l) The parties have agreed to a procedure regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows: A disclosure of a communication or information covered by the attorney-client privilege or work product protection does not operate as a waiver in this proceeding if the disclosure is inadvertent and is made in connection with this proceeding. The holder of the privilege or work product protection should take reasonable precautions to prevent disclosure and take reasonably prompt measures, once the holder

knows or should know of the disclosure, to rectify the error, including (if applicable) following the procedures in Rule 26.

5.  Each party reserves right to ask for leave of court for modification of deadlines and limitations herein as may be reasonably necessary.

6.  Plaintiff is submitting this report on behalf of all parties, and counsel for the defendants have consented to and given express permission for the filing of the same.

Respectfully submitted on May 16, 2008,

*[signature]*
Mark M. Hogewood (ASB-7651-E36M)
E-mail: mh@wallacejordan.com

Attorney for Plaintiff Wellington Specialty Insurance Company

**Of Counsel:**
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:   (205) 870-0555
Fax:     (205) 871-7534

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WELLINGTON SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> D E ENTERPRISES, ET AL., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 2:08-CV-00115-WKW-WC <br> ) <br> ) <br> ) <br> ) |

**Certificate of Service**

I certify that on May 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark Allen Treadwell, III, Esq.
Oliver & Treadwell, LLP
129 West Columbus Street
Dadeville, AL 36853
markallen@olivertreadwell.com

Michael S. Harper, Esq.
P.O. Box 780608
Tallassee, AL 36078
mikeharper@elmore.rr.com

Respectfully submitted,

_s/ Mark M. Hogewood_
Mark M. Hogewood
Wallace, Jordan, Ratliff & Brandt, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253
Voice:  (205) 870-0555
Fax:  (205) 871-7534
E-mail: mh@wallacejordan.com